UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEONA COSBY, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>SOCIAL SECURITY ADMINISTRATION, )<br>)<br>      Defendant. ) | Case: 1:14-cv-02095<br>Assigned To : Unassigned<br>Assign. Date : 12/12/2014<br>Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

For purposes of this Memorandum Opinion, the Court consolidates three complaints that the plaintiff submitted to the Clerk of Court on September 8, 2014 and September 12, 2014. Upon review of the plaintiff's applications to proceed *in forma pauperis* and each *pro se* civil complaint, the Court will grant the applications and dismiss the complaints without prejudice.

The Court has reviewed plaintiff's complaints, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a).

1



Plaintiff, who currently is receiving social security disability income benefits, appears to allege that she is entitled to additional benefits based on past employment. Missing from the complaints are any allegations suggesting that plaintiff exhausted her administrative remedies prior to filing this lawsuit. Ordinarily, "final SSA decisions eligible for judicial review follow four steps of an administrative review process: (1) an initial determination; (2) a reconsideration determination; (3) a hearing before an ALJ; and (4) review by the Appeals Council." *Beattie v. Astrue*, 845 F. Supp. 2d 184, 191 (D.D.C. 2012) (citation omitted). In other words, only "after any final decision by the Commissioner of Social Security made after a hearing to which he is a party" may a plaintiff seek judicial review in a federal district court. 42 U.S.C. § 405(g). Absent a showing that plaintiff has satisfied the exhaustion requirement, judicial review is not warranted at this time. Accordingly, the Court will dismiss the complaint and this action without prejudice. *See Ford v. Astrue*, 808 F. Supp. 2d 150, 153 (D.D.C. 2011) (dismissing complaint where plaintiff "has only completed the first two steps of the four-step SSA administrative-review process").

An Order accompanies this Memorandum Opinion.

DATE: 12/5/14

United States District Judge